IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN W. GARY,

    Petitioner,        No. 2:08-cv-0946 GEB KJN P

  vs.

M. C. KRAMER,

    Respondent.       ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        In this action, petitioner challenges the 2007 decision by the California Board of Parole Hearings ("BPH") finding him unsuitable for parole. Petitioner argues that the 2007 decision by the BPH finding him unsuitable was not supported by sufficient evidence.

        On January 13, 2011, the magistrate judge recommended that the petition be denied after finding that the 2007 decision by the BPH was supported by sufficient evidence. Petitioner has filed objections to the findings and recommendations.

        On January 24, 2011, the United States Supreme Court decided Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627 (Jan. 24, 2011) which held that

1

1  there can be no valid claim under the Fourteenth Amendment for insufficiency of evidence
2  presented at a parole proceeding.  Based on <u>Swarthout</u>, as discussed herein, petitioner's
3  application for a petition for writ of habeas is denied.
4         The Due Process Clause of the Fourteenth Amendment prohibits state action that
5  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a
6  due process violation must first demonstrate that he was deprived of a liberty or property interest
7  protected by the Due Process Clause and then show that the procedures attendant upon the
8  deprivation were not constitutionally sufficient.  <u>Kentucky Dep't of Corrections v. Thompson</u>,
9  490 U.S. 454, 459-60 (1989).
10        A protected liberty interest may arise from either the Due Process Clause of the
11 United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
12 expectation or interest created by state laws or policies."  <u>Wilkinson v. Austin</u>, 545 U.S. 209,
13 221 (2005) (citations omitted); <u>see</u> <u>also</u> <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373 (1987).
14 The United States Constitution does not, of its own force, create a protected liberty interest in a
15 parole date, even one that has been set.  <u>Jago v. Van Curen</u>, 454 U.S. 14, 17-21 (1981);
16 <u>Greenholtz v. Inmates of Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no constitutional or
17 inherent right of a convicted person to be conditionally released before the expiration of a valid
18 sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a
19 presumption that parole release will be granted' when or unless certain designated findings are
20 made, and thereby gives rise to a constitutional liberty interest."  <u>Greenholtz</u>, 442 U.S. at 12; <u>see</u>
21 <u>also</u> <u>Allen</u>, 482 U.S. at 376-78.
22        California's parole statutes give rise to a liberty interest in parole protected by the
23 federal due process clause.  <u>Swarthout v. Cooke</u>, 562 U.S. ___ (2011), No. 10-333, 2011 WL
24 197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless
25 there is "some evidence" of his or her current dangerousness.  <u>In re Lawrence</u>, 44 Cal.4th 1181,
26 1205-06, 1210 (2008); <u>In re Rosenkrantz</u>, 29 Cal.4th 616, 651-53 (2002).  However, in

1  Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports
2  converting California's 'some evidence' rule into a substantive federal requirement." Swarthout,
3  2011 WL 197627, at *3.  In other words, the Court specifically rejected the notion that there can
4  be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a
5  parole proceeding.  Id. at *3. Rather, the protection afforded by the federal due process clause to
6  California parole decisions consists solely of the "minimal" procedural requirements set forth in
7  Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why
8  parole was denied."  Swarthout, at *2-3.

Here, the record reflects that petitioner was present at the 2007 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. (Dkt. No. 1 at 18-99; Dkt. No. 1, part 2, at 1-50.) According to the United States Supreme Court, the federal due process clause requires no more. For these reasons, petitioner's application for a petition for writ of habeas corpus is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is denied;

2. A certificate of appealability is not issued.

Dated: March 10, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge